**UNITED STATES of America, Plaintiff,**

v.

**Franklin L. ROGERS, Defendant.**

**No. 96–1279M.**

United States District Court,
D. Colorado.

June 5, 1996.

Timothy W. Pleasant, Colorado Springs, CO, for Defendant.

Christopher Hair, Special Asst. U.S. Atty., for U.S.

## MEMORANDUM OPINION AND ORDER

BORCHERS, United States Magistrate Judge.

THIS MATTER came before the Court on May 29, 1996 for hearing on Defendant's motion to dismiss. The Court heard argument from counsel, but no testimonial evidence was presented by either side. Only the issue of double jeopardy will be discussed in this memorandum opinion. Other issues will be resolved in a separate order. Further argument will be waived.

### I.

Though no testimony was presented by the parties, the following facts are found from the police report and other documents submitted by the parties. On October 22, 1995 at approximately 1:30 a.m., Plaintiff was driving a motor vehicle and attempted to enter onto Fort Carson, a military reservation located south of Colorado Springs, Colorado.

All vehicles entering onto Fort Carson were being stopped and inspected, pursuant to a command directive. Plaintiff approached a traffic control point and was confronted by Gerald P. Leray, a military police officer. MP Leray advised Defendant that his vehicle was to be inspected and that he should ready all appropriate documentation.

Plaintiff pulled into the inspection area. MP Leray indicated that he smelled the odor of alcohol coming from Defendant and so advised his colleagues. Defendant was asked to exit his vehicle. The vehicle was searched. Defendant then was asked to take a field sobriety test. According to MP Leray's report, Defendant initially agreed to take a field sobriety test. Defendant was asked to take a portable breathalyzer test but refused. Plaintiff was arrested shortly thereafter and taken to the Provost Marshal's Office.

Defendant was asked to take a chemical test pursuant to 18 U.S.C. § 3118. Defendant refused to take any test, and his right to drive at Fort Carson subsequently was revoked.

### II.

Defendant is charged with a violation of Colo.Rev.Stat. § 42–4–1301(1)(a) (driving under the influence), as assimilated under 18 U.S.C. § 13. Defendant has moved for dismissal of the charge against him, arguing that he has been punished already by loss of his driving privileges at Fort Carson. He argues that prosecution on the charge would constitute a violation of the Double Jeopardy Clause. This Court disagrees.

Defendant was stopped on federal property and ultimately arrested for driving under the influence. Defendant was thus subject to the provisions of 18 U.S.C. § 3118, which read as follows:

(a) Consent.—Whoever operates a motor vehicle in the special maritime or territorial jurisdiction of the United States consents thereby to a chemical test or tests of such person's blood, breath, or urine, if arrested for any offense arising from such person's driving while under the influence of a drug or alcohol in such jurisdiction. The test or tests shall be administered upon the request of a police officer having reasonable grounds to believe the person arrested to have been driving a motor vehicle upon the special maritime and territorial jurisdiction of the United States while under the influence of drugs or alcohol in violation of the laws of a State, territory, possession, or district.

(b) Effect of Refusal.—Whoever, having consented to a test or tests by reason of subsection (a), refuses to submit to such a test or tests, after having first been advised of the consequences of such a refusal, shall be denied the privilege of operating a motor vehicle upon the special maritime

and territorial jurisdiction of the United States during the period of a year commencing on the date of the arrest upon which such test or tests was refused, and such refusal may be admitted into evidence in any case arising from such person's driving while under the influence of a drug or alcohol in such jurisdiction. Any person who operates a motor vehicle in the special maritime and territorial jurisdiction of the United States after having been denied such privilege under this subsection shall be treated for the purposes of any civil or criminal proceedings arising out of such operation as operating such vehicle without a license to do so.

This section is the federal implied consent law that is applicable to all federal property. *United States v. Love,* 141 F.R.D. 315 (D.Colo.1992). This section supersedes any state law that requires that a chemical test be taken.

Defendant's argument is that a criminal prosecution for driving under the influence is a violation of the Double Jeopardy Clause of the Fifth Amendment. He claims that the penalty of loss of driving privilege precludes any further punishment. Defendant has cited *Montana v. Kurth Ranch,* 511 U.S. 767, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994) and *United States v. Halper,* 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989). Defendant's analysis is flawed on one major point.

Neither side has pointed to a specific case to support its position. In *Luk v. Commonwealth,* 421 Mass. 415, 658 N.E.2d 664 (1995), the Supreme Judicial Court of Massachusetts found that the Double Jeopardy clause was not implicated when a driver refused to take a test and subsequently lost his driver's license. Double jeopardy was found to bar certain charges in *City of Seven Hills v. Adkins,* 74 Ohio Misc.2d 60, 658 N.E.2d 828 (1995), where an administrative suspension took place due to the severity of the blood alcohol content of the driver.

In *United States v. Imngren,* 914 F.Supp. 1326 (E.D.Va.1995), a defendant moved for dismissal of a DUI charge on the basis that he had been suspended from driving at Fort Belvoir previously by the base commander. The court held that the Double Jeopardy clause was violated when the criminal charge was pursued, because the prior administrative suspension was based upon the level and severity of the results of a chemical test given to the defendant. The revocation of the driving privilege was predicated on driving and being drunk.

Defendant has pointed to no case that has held that a suspension based upon a refusal to take a chemical test bars prosecution for DUI. No charge is pending against Defendant for failing to take a chemical test.

When Defendant was arrested, the charge of DUI was complete. Defendant was taken to the Provost Marshal's Office where he refused to take a chemical test. Under 18 U.S.C. § 3118, Defendant had a statutory right to refuse to take a chemical test. Once he refused, the suspension provisions of § 3118(b) came into effect. Defendant was not criminally charged for failing to take a chemical test. A conviction for DUI would not preclude a suspension under § 3118(b). The charge of DUI and refusal to take the test are separate incidents that are not related for Double Jeopardy purposes. Defendant does not face a second punishment for driving under the influence. Therefore, the Double Jeopardy Clause is not violated by the criminal prosecution continuing.

IT IS HEREBY ORDERED that Defendant's motion to dismiss the charge of driving under the influence for a perceived violation of the Double Jeopardy Clause is denied.